THORBURN *v.* OAKLAND COUNTY CLERK.

DECISION OF THE COURT.

1. JUDGES — TERM OF OFFICE — EXPIRATION DATE — CONSTITUTIONAL LAW — EQUALLY DIVIDED COURT.
    Declaratory judgment that statute setting expiration date for term of office for circuit judges was constitutional is affirmed by an equally divided court (PA 1965, No 393).

2. COSTS—PUBLIC QUESTION—DECLARATORY JUDGMENT—EXTENSION OF TERM OF OFFICE OF CIRCUIT JUDGES.
    No costs are allowed in proceeding to obtain a declaratory judgment as to constitutionality of second statute, adopted after

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 901.
[2] 5 Am Jur 2d, Appeal and Error § 1009.
[3–6] 30A Am Jur, Judges §§ 17, 18.
[7, 8, 10] 16 Am Jur 2d, Constitutional Law § 58 *et seq.*
[9] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[11] 30A Am Jur, Judges § 224.

new Constitution became effective and extending the terms of office of circuit judge, since a public question was involved (Const 1963, art 6, § 12, sched § 8; PA 1954, No 116, § 416a, as added by PA 1963 [2d Ex Sess], No 59, and amended by PA 1965, No 393).

SEPARATE OPINION FOR AFFIRMANCE.

DETHMERS, KELLY, BLACK, and O'HARA, JJ.

3. JUDGES—CIRCUIT JUDGES—STAGGERED TERMS OF OFFICE.

*The Constitution specifically mandates the legislature to stagger the terms of offices of circuit judges for periods of not less than 6 years at the next election for such offices (Const 1963, art 6, § 12, sched § 8).*

4. SAME—CIRCUIT JUDGES—EXTENSION OF TERM OF OFFICE.

*Statute which extended the terms of circuit judges who had first been appointed to office while former Constitution was in effect, then elected for balance of term of upwards 2 years' duration, whereby their term was extended for 4 years more held, not repugnant to new Constitution which instituted principle of staggered terms for judicial offices, even though such extension was not made at the first possible election (PA 1954, No 116, § 416a, as added by PA 1963 [2d Ex Sess], No 59, and amended by PA 1965, No 393).*

5. SAME—CIRCUIT JUDGES—EXTENSION OF TERM OF OFFICE.

*Statute extending terms of recently elected circuit judges, not passed to become effective before the first general election but later adopted in compliance with the constitutional requirement that circuit judges shall hold office for a term of 6 years and in accord with principle that terms of office of such judges be staggered and not shorter than the regular term of the office held, constitutional (Const 1963, art 6, § 12, sched § 8; PA 1954, No 116, § 416a, as added by PA 1963 [2d Ex Sess], No 59, and amended by PA 1965, No 393).*

SEPARATE OPINION FOR REVERSAL.

T. M. KAVANAGH, C. J., and SOURIS, SMITH, and ADAMS, JJ.

6. JUDGES—CIRCUIT JUDGES—EXTENSION OF TERM OF OFFICE—STATUTES.

*Statute enacted after new Constitution had been adopted to become effective after the new Constitution became effective, which extended term of office of all circuit judges by 2 years did not violate the general rule that legislation extending the*

terms of office of elective officials is unconstitutional, since the extension was required by the Constitution (Const 1963, art 6, § 12, sched § 8; PA 1954, No 116, § 416a, as added by PA 1963 [2d Ex Sess], No 59 and amended by PA 1965, No 393).

7. SAME—STAGGERED TERMS OF OFFICE—CONSTRUCTION OF CONSTITUTION.

Provisions of schedule of new Constitution requiring legislature to provide for staggered terms of judicial offices "at the next election for such offices" is construed as demanding that all such terms be staggered at 1 election in view of record made on the subject in the Constitutional Convention (Const 1963, art 6, § 12, sched § 8).

8. CONSTITUTIONAL LAW—SUPREME COURT.

The Supreme Court has the duty to enforce the provisions of the Constitution whether agreeing with the wisdom of its provisions or not.

9. JUDGES—CIRCUIT JUDGES—SECOND EXTENSION OF TERM OF OFFICE.

Second statute extending terms of office of circuit judges held, unconstitutional, where Constitution required that all terms of judicial officers be staggered at the next general election for such officers (Const 1963, art 6, § 12, sched § 8; PA 1954, No 116, § 416a, as added by PA 1963 [2d Ex Sess], No 59, and amended by PA 1965, No 393).

10. SAME—CIRCUIT JUDGES—STAGGERED TERMS OF OFFICE.

Provision of Constitution that circuit judges shall hold office for a term of 6 years does not require that the term be 6 years at every election in view of the provision for staggered terms in multiple judge circuits (Const 1963, art 6, § 12, sched § 8).

11. SAME—CIRCUIT JUDGES—VACANCY.

A vacancy in the office of circuit judge is that portion of the 6-year term which remains unexpired (Const 1963, art 6, §§ 12, 23).

Appeal from Oakland; Deneweth (George R.), J., presiding. Submitted February 10, 1966. (Calendar No. 9, Docket No. 51,394.) Decided March 8, 1966.

Complaint for a declaratory judgment by James S. Thorburn and Philip Pratt, Oakland County Circuit Judges, against the Oakland County Clerk,

Register of Deeds, Oakland County Board of County Election Commissioners, and the Michigan Secretary of State; that PA 1965, No 393, is unconstitutional. Judgment for defendants. Plaintiffs appealed to the Court of Appeals and sought leave to appeal directly to the Supreme Court prior to decision by the Court of Appeals. Leave to appeal granted. The circuit court judges for the county of Wayne were permitted to file a brief *amici curiae*. Thomas E. Brennan, Benjamin D. Burdick, and William F. Ager, Jr., Circuit Judges, were granted leave to intervene in behalf of the defendants. Affirmed by an equally divided court.

*Edward P. Barrett, Dean G. Beier,* and *Charles J. Porter,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* and *Luke Quinn,* Assistant Attorneys General, for the Secretary of State.

*Robert P. Allen,* Corporation Counsel, and *Hayward Whitlock,* and *Armand P. Deatrick,* Assistant Corporation Counsel, for defendant Oakland County Clerk, Register of Deeds, and Election Commission.

*Honigman, Miller, Schwartz & Cohn, (David K. Page* and *Asher Rabinowitz,* of counsel) for intervening defendants.

*Amici Curiae:*
*Tom Downs,* for the Wayne Circuit Judges.

O'HARA, J. (*for affirmance*). Appellants are circuit judges. They were appointed to 2 judgeships created by PA 1963, No 179, amending PA 1961, No

236, § 507 (CLS 1961, § 600.507 [Stat Ann 1962 Rev § 27A.507]). We quote from the act:

"Sec. 507. The sixth judicial circuit consists of the county of Oakland and has 7 judges.

"Section 2. The additional offices of circuit judge created by this act shall be deemed vacant from and after the day this amendatory act takes effect, which vacancies shall be filled by appointment of the governor until the general election in November, 1964, and until the successors are elected and qualified. The judges so appointed shall qualify and enter upon the discharge of their duties within 10 days after their appointment and continue until their successors are elected and qualified.

"Approved May 15, 1963."

In November of 1964, they were elected to succeed themselves. The act does not specifically fix the term for which they were elected.

The schedule and temporary provisions of the 1963 Constitution, section 8, reads as follows:

"The provisions or article VI providing that terms of judicial offices shall not all expire at the same time, shall be implemented by law providing that at the next election for such offices judges shall be elected for terms of varying length, none of which shall be shorter than the regular term provided for the office."

Hence, the Constitution of 1963 specifically mandates the legislature to stagger the terms of judicial offices for periods of not less than 6 years at the next elections for such offices.

In the case of appellants the "next election" at which their terms of these offices could have been made of varying length but not less than 6 years was the general election of November, 1964.

The legislature did not so provide in time for that election.

The legislature next spoke in relation hereto in PA 1963 (2d Ex Sess), No 59. By that act the expiration date of the terms of all circuit judges serving as of December 31, 1965, was set at 12 noon, January 1, 1967. Appellants were so serving. We set out the schedule (CL 1948, §§ 168.416a, 168.416b [Stat Ann 1965 Cum Supp §§ 6.1416(1), 6.1416(2)]):

"Sec. 416a. The terms of office of all elected circuit court judges serving as of December 31, 1965 expire at 12 noon, January 1, 1967.

"Sec. 416b.(1) The first general election of judges of the circuit court shall be held in 1966. In that election only, the terms of office of the judges of the circuit court shall be as set forth below, and candidates shall run for a specific term which shall be identified on the ballot.

| "No. of Judges In a Circuit | Length of Term of Judges |
|---|---|
| 1 | 6 years |
| 2 | 1 judge 6 years;  1 judge 8 years |
| 3 | 1 judge 6 years;  1 judge 8 years;  1 judge 10 years |
| 4 | 2 judges 6 years;  1 judge 8 years;  1 judge 10 years |
| 5 | 2 judges 6 years;  2 judges 8 years;  1 judge 10 years |
| 6 | 2 judges 6 years;  2 judges 8 years;  2 judges 10 years |
| 7 | 3 judges 6 years;  2 judges 8 years;  2 judges 10 years |
| 8 | 3 judges 6 years;  3 judges 8 years;  2 judges 10 years |
| 9 | 3 judges 6 years;  3 judges 8 years;  3 judges 10 years |
| 10 | 4 judges 6 years;  3 judges 8 years;  3 judges 10 years |
| 11 | 4 judges 6 years;  4 judges 8 years;  3 judges 10 years |
| 12 | 4 judges 6 years;  4 judges 8 years;  4 judges 10 years |
| 13 | 5 judges 6 years;  4 judges 8 years;  4 judges 10 years |
| 14 | 5 judges 6 years;  5 judges 8 years;  4 judges 10 years |
| 15 | 5 judges 6 years;  5 judges 8 years;  5 judges 10 years |
| 16 | 6 judges 6 years;  5 judges 8 years;  5 judges 10 years |
| 17 | 6 judges 6 years;  6 judges 8 years;  5 judges 10 years |
| 18 | 6 judges 6 years;  6 judges 8 years;  6 judges 10 years |
| 19 | 7 judges 6 years;  6 judges 8 years;  6 judges 10 years |
| 20 | 7 judges 6 years;  7 judges 8 years;  6 judges 10 years" |

Absent further legislative action, appellants' successors presumably would have been elected for a term of 6, 8, or 10 years in the general election of 1966.

However, by PA 1965, No 393 (CL 1948, § 168.416a [Stat Ann 1966–1967 Current Material § 6.1416(1), p

11])[1] the expiration date of the terms of the offices held by appellants was set at January 1, 1971.

It is contended by appellants that Act No 393, *supra,* is unconstitutional by reason of its violation of section 8 of the schedule and temporary provisions of the Constitution of 1963 and because it extends their terms of office beyond a general election.

The trial judge held the statute constitutional and specifically designated appellants as the judges elected pursuant to Act No 179, *supra,* whose terms would expire January 1, 1971. Basically, he premised his finding on the theory that the *extension* of appellants' terms through two general elections was constitutional because it was done pursuant to and in implementation of constitutional mandate, and that whether it was done in time for the "next election for such offices" was not controlling. He supported this holding by pointing out that appellants are not serving as judicial appointees as distinguished from elected circuit judges. Hence, the legislative extension of the terms did not deprive the offices of their elective character. He found the legislative intent in the passage of Act No 393 was to implement the constitutional requirement to "stagger" the terms of circuit judges. However this may be, we believe the learned trial court pinpointed the issue when he said:

"Had such a statute [Act No 393, *supra*] been enacted prior to the 1964 general election there could be no question concerning its constitutionality."

We agree. The legislature was mandated to "stagger" the terms of circuit judges. It was directed to do so under section 8 of the schedule and temporary provisions of the 1963 Constitution at the "next election for such offices." The simple and

[1] The act additionally extended the terms of office held by 3 other circuit judges.

irreducible fact is, that in case of appellants it did not do so. The "next election for such offices" in appellants' case would have been the general election of 1964. Hence, the legislature was faced with its own *fait accompli*. It thereupon included them in the schedule contained in Act No 59, *supra*.

We believe that having done so, the legislature then realized that it had, by so doing, fixed appellants' elected tenure at 2 years and 2 months from their election in 1964. This we believe they found repugnant to the requirement in section 12 of article 6 that "circuit judges shall be * * * elected * * * and shall hold office for a term of six years." We further believe that by specific removal of appellants from the schedule in PA 1963 (2d Ex Sess) No 59, by PA 1965, No 393, the legislature further deemed it necessary to provide by law for terms of varying length "none of which shall be shorter than the *regular* term" provided for that office. That "regular" term was 6 years.

Reading section 12 of article 6, together with section 8 of the schedule and temporary provisions, we are convinced the legislature, under the circumstances here existing, attempted to observe the spirit and intent of both sections.

We hold the effect of Act No 59, *supra,* was to fix appellants' *elected* tenure at 2 years and 2 months less 4 days. This apparently the legislature considered it could not constitutionally do.

By Act No 393, *supra,* it re-enacted the extension of terms of all other circuit judges in the identical language used in Act No 59. Then, as to the terms of office of appellants, it extended them to afford to those offices a full 6-year elected tenure.

We hold Act No 393 was a legislative act, the manifest intent of which was to comply with the constitutional requirement that circuit judges "shall hold office for a term of 6 years."

We find no constitutional infirmity therein.

Turning now to intervenors, they too are circuit judges whose offices were created by PA 1963, Nos 32, amending PA 1961, No 236, § 523 (CLS 1961, § 600-.523 [Stat Ann 1965 Cum Supp § 27A.523]) and 172, amending PA 1961, No 236, § 504 (CLS 1961, § 600-.504 [Stat Ann 1963 Cum Supp § 27A.504]). They too were initially appointed. Each was elected in the general election of 1964. The acts creating the offices they presently hold did not expressly fix the terms of those offices.

By Act No 393, *supra,* the expiration of Judge Ager's term was fixed at January 1, 1971; Judges Brennan's and Burdick's at January 1, 1973.

We believe, and here hold, that the opinion herein is equally applicable to intervenors. The only difference between them and appellants is the length of the terms specified in Act No 393. In each case it was "not shorter than the regular term" of the office. As to them also the varying dates set comport with the constitutional directives to decrease the number of circuit judges running at any given election, by staggering the termination dates of their terms.

We acknowledge with gratitude the brief *amicus curiae* filed on behalf of the circuit court for the third judicial circuit which supports the position of the trial judge.

The declaratory judgment as to appellants and as to intervenors is affirmed. No costs, a public question.

DETHMERS, KELLY, and BLACK, JJ., concurred with O'HARA, J.

ADAMS, J. (*for reversal*). I am unable to agree with Justice O'HARA.

Plaintiffs, circuit judges for Oakland county, seek a declaratory judgment as to the constitutionality of

PA 1965, No 393 (CL 1948, § 168.416a [Stat Ann 1966–1967 Current Material § 6.1416(1), p 11]), which extended their terms of office. Thomas E. Brennan and Benjamin D. Burdick, circuit judges in Wayne county, and William F. Ager, Jr., circuit judge in Washtenaw county, whose terms were also extended by the act, have been granted leave to intervene.

Plaintiffs were appointed circuit judges pursuant to PA 1963, No 179, amending PA 1961, No 236, § 507 (CLS 1961, § 600.507 [Stat Ann 1962 Rev § 27A-.507]). Judges Brennan and Burdick were appointed pursuant to the provisions of PA 1963, No 172, amending PA 1961, No 236, § 504 (CLS 1961, § 600-.504 [Stat Ann 1962 Rev § 27A.504]). Judge Ager was appointed pursuant to the provisions of PA 1963, No 32, amending PA 1961, No 236, § 523 (CLS 1961, § 600.523 [Stat Ann 1963 Cum Supp § 27A-.523]).

All of these acts became effective in 1963 and specified:

"The additional office [offices] of circuit judge created by this [amendatory] act shall be deemed vacant from and after the day this amendatory act takes effect."

The acts also specified that the judges should be appointed by the governor and serve until the November, 1964 general election.

PA 1963 (2d Ex Sess), No 59, adding sections 416a and 416b to PA 1954, No 116 (CL 1948, §§ 168.416a, 168.416b [Stat Ann 1965 Cum Supp §§ 6.1416(1), 6.1416(2)]) provided that the term of every circuit judge in the State serving on December 31, 1965, would expire on January 1, 1967. It also provided for a general election in 1966 to fill those judgeships. The act implemented the Constitution of 1963 by providing for staggered terms of not less than six years.

The Constitution of 1963 took effect on January 1, 1964.

On November 3, 1964, plaintiffs and intervenors were elected to succeed themselves.

PA 1965, No 393, effective October 26, 1965, extended the terms of judges elected in 1964. The terms of Judges Brennan and Burdick were extended to January 1, 1973; and the terms of appellants and Judge Ager were extended to January 1, 1971.

The Constitution of 1908 was in effect when plaintiffs and intervenors were appointed. Article 7, § 20, provided:

"When a vacancy occurs in the office of judge of any court of record, it shall be filled by appointment of the governor, and the person appointed shall hold the office until a successor is elected and qualified. When elected, such successor shall hold the office the residue of the unexpired term."

The constitutional language is substantially repeated in CLS 1961, § 168.424 (Stat Ann 1963 Cum Supp § 6.1424). Even though the 1908 Constitution was inoperative when plaintiffs were elected on November 3, 1964, this statutory provision remained effective.

The question then becomes—What was the unexpired term for which the plaintiffs and intervenors were elected on November 3, 1964? It was the same term as that of every other circuit judge since the Constitution of 1908 provided that:

"Circuit judges shall be elected on the first Monday in April, 1911, and every sixth year thereafter." —Constitution of 1908, Art 7, § 9.*

---

* The 1908 Constitution was not in effect when the plaintiffs ran in 1964. However, CLS 1961, § 168.416 (Stat Ann 1956 Rev § 6-.1416), which repeated the substance of article 7, § 9, of the 1908 Constitution, was in effect.

Based upon the six-year sequence, the unexpired term would extend until December 31, 1965. However, PA 1963 (2d Ex Sess), No 59, extended the terms of judges serving as of December 31, 1965, to January 1, 1967. The plaintiffs and intervenors, being in the same class as all other circuit judges, had their terms extended until January 1, 1967.

The one-year extension provided in PA 1963 (2d Ex Sess), No 59, was prompted by the requirements of the 1963 Constitution. It requires elections in even-numbered years and prohibits the reduction of existing elective terms of office. See OAG, August 14, 1963, No 4175.[2] Since this extension was required by the Constitution, it did not violate the general rule that legislation extending terms of office of elective officials is unconstitutional. *People* v. *Burch,* 84 Mich 408; annotation, Power of legislature to extend term of public office, 97 ALR 1428.

Was the extension of the terms of plaintiffs and intervenors a second time, by PA 1965, No 393, constitutional? This involves construction of sections 12 and 23 of article 6 and section 8 of the schedule and temporary provisions of the 1963 Constitution. Section 8 of the schedule provides:

"The provisions of article VI providing that terms of judicial offices shall not all expire at the same time, shall be implemented by law providing that at the next election for such offices judges shall be elected for terms of varying length, none of which shall be shorter than the regular term provided for the office."

Do the words "next election" include a next election to fill a vacancy in the office of a circuit judge, or do they mean the next general election for all circuit judges?

The Convention debate shows that the requirement that all terms be staggered at one election was

[2] OAG 1963–1964, p 175.—Reporter.

clearly made. Six members of the judicial branch committee of the Constitutional Convention attempted to provide that staggering could be effected by one or more elections. Following is minority report B to committee proposal 93 as offered and the reasons submitted in support thereof:

"Messrs. Ford, Garvin, Bledsoe, Miss McGowan, Messrs. Ostrow and Barthwell, a minority of the committee on judicial branch, submit the following minority report to Committee Proposal 93:

"A minority of the committee recommends that the following be included in the constitution:

"Amend Committee Proposal 93, page 2, line 1, by striking out 'SHALL' and inserting 'MAY'.

"Messrs. Ford, Garvin, Bledsoe, Miss McGowan, Messrs. Ostrow and Barthwell, a minority of the committee on judicial branch, submit the following reasons in support of the foregoing minority report which accompanied Committee Proposal 93:

"The proponents of this minority report believe that the possibility of staggered terms in multiple judge circuits has merit. However, it is our feeling that this is a question better left to the legislature, to be resolved by it in a manner that does not disrupt the terms of office of the judges presently in office." Constitutional Convention, 1961, Official Record, p 1356.

The minority report was not adopted. Delegate Ford later in the same day argued in almost prophetic terms for the minority proposal, pointing out that if it were not adopted the following could happen:

"If the committee recommendation in 96j is adopted without taking out the words 'at the next election' the legislature would have to provide for staggering of the 18 vacancies down there automatically—and I think there are 5 or 6 now, in Oakland county—and it creates somewhat of a problem, be-

cause the only conceivable way that they could do it all in one election would be to decide that 1/3 of the judges would have a 6-year term, 1/3 would have an 8-year term, and 1/3 would have a 10-year term, because the language of the committee proposal would say that in staggering the terms, you cannot drop below 6 years with respect to circuit courts. In talking with members of our bench down there, I could see that this might precipitate a great deal of difficulty while, however, if it were possible to institute the staggering in the first instance with respect to vacancies and do it over a period of time, it might be possible for the legislature to implement this with a minimum amount of confusion." Constitutional Convention, 1961, Official Record, p 1362.

Section 96j referred to by Delegate Ford, and the committee's explanation of same, are as follows:

"The Provisions of This Constitution Requiring the Establishment of Staggered Terms of Offices in Existence, Shall Be Implemented at the Next Election for Such Offices by Legislation Providing for Elections for Terms of Varying Length, None of Which Shall Be Shorter Than the Basic Term Provided Herein for the Office." *Op. cit.,* p 1479.

"This provision is needed to allow the legislature to fulfill the constitutional requirement of staggered terms for both circuit and probate judges." *Op. cit.,* p 1480.

During the Convention debate on section 8, Delegate Ford offered to amend that section by striking the words "at the next election." He stated:

"All that this amendment would do would be to leave the legislature free to implement a staggering system over several elections *rather than trying to do it at one election.* * * *

"What the *committee proposal* does, as I see it now [without his amendment], is actually it *dictates*

the exact method of rotation for the next election *by saying it has to be done all at one election and at the very next election."* Constitutional Convention, 1961, Official Record, pp 1542, 1543. (Emphasis supplied.)

The amendment was not adopted. In explaining section 8, the chairman of the committee which drew it up stated:

"The only basic provisions here are, one, *that this be done by the next election for the circuit judges." Op. cit.* p 1541. (Emphasis supplied.)

The Convention thus made it clear that "at the next election for such offices" meant the next general election of judges which could be held pursuant to the 1963 Constitution.

The result of following this constitutional mandate may be unfortunate. Whether we agree with the wisdom of section 8 or not, it remains our duty to enforce it. Consequently, PA 1965, No 393, lacks the authority for the extension of terms which PA 1963 (2d Ex Sess), No 59, enjoyed and is unconstitutional. *People* v. *Burch, supra.*

I cannot agree that the first sentence of article 6, § 12 (1963 Constitution) requires that every election for a circuit judge must be for a term of six years. Such an interpretation would not be in harmony with the clearly envisioned plan of the framers of the Constitution that terms of office of circuit judges in multiple circuits are to be staggered, or with the provisions of article 6, § 23, for filling vacancies.

While the Constitution of 1963, art 6, § 23, omitted the phrase "residue of the unexpired term" (Constitution of 1850, art 6, § 14; Constitution of 1908, art 7, § 20), the framers of the Constitution clearly intended to require the legislature to establish six-year terms of office, one-third of which would expire every two years. Official Record, *supra,* p 1361.

They also intended that this was to be effectuated by legislation for a single election—the next general election for circuit judges. The omission of an express declaration does not permit us to disregard the general intent or that which previous and contemporaneous history requires. *People, ex rel. LeRoy,* v. *Hurlbut,* 24 Mich 44, 109.

A reading of "term of 6 years" which requires that every election for circuit judge be for a fixed period of six years would violate these basic intentions. It would introduce an element of inflexibility that would wreck the staggered term policy or require that vacancies in judgeships created by death or by resignation continue until the expiration of the judge's term, even if it was for a period of 4 or 5 years.

Article 6, § 23, Constitution of 1963, provides:

"A vacancy in the elective office of a judge of any court of record shall be filled at a general or special election as provided by law."

A "vacancy" must be read to mean that portion of the six-year term which remains unexpired. This is what is "filled."

The judgment of the lower court should be reversed. No costs, a public question being involved.

T. M. Kavanagh, C. J., and Souris and Smith, JJ., concurred with Adams, J.