EASON v SECRETARY OF STATE

Docket No. 78-4428. Submitted April 16, 1979, at Detroit.—Decided May 22, 1979.

Plaintiff, David E. Eason, brought an action in the nature of *quo warranto* against defendant, Secretary of State, challenging the constitutionality of 1978 PA 164, § 5. Plaintiff urged that said section, which created two additional judgeships for the third judicial circuit and provided that the term of office of one of those additional judgeships be for eight years, was in violation of 1963 Const, art 6, § 12, which provides that circuit judges shall hold office for a term of six years. The Wayne Circuit Court, John D. O'Hair, J., held that the creation of the eight-year term was in contravention of 1963 Const, art 6, § 12. Defendant appeals. *Held:*

The provision of the constitution that circuit court judges shall hold office for a term of six years does not preclude the Legislature, in creating additional judgeships, from altering the term of office for such additional judgeships from the normal term of six years, where such alteration of the term is necessary to carry out the constitutional intent that the terms of office in multi-judge circuits be staggered.

Reversed and remanded.

JUDGES — CIRCUIT JUDGES — TERM OF OFFICE.

The provision of the constitution that circuit court judges shall hold office for a term of six years does not preclude the Legislature, in creating additional judgeships, from altering the term of office for such additional judgeships from the normal term of six years, where such alteration of the term is necessary to carry out the constitutional intent that the terms of office in multi-judge circuits be staggered (Const 1963, art 6, § 12).

*David E. Eason,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judges § 15.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

J. H. GILLIS, J. Defendant appeals from a decision of the Wayne County Circuit Court granting summary judgment to plaintiff.

The sole issue before this Court concerns the constitutionality of 1978 PA 164. This act amended various sections of the Revised Judicature Act, MCL 600.101 *et seq.;* MSA 27A.101 *et seq.,* to create new circuit and district judgeships. Plaintiff contended, and the lower court agreed, that the act was unconstitutional to the extent that it created a judgeship in the third judicial circuit (Wayne County) with a term of eight years. The section under consideration provides, in part:

"Of the 2 additional judgeships created for the third judicial circuit, the candidate receiving the highest number of votes in the 1978 general election shall be elected for a term of 8 years and the candidate receiving the second highest number of votes shall be elected for a term of 6 years." 1978 PA 164, § 5.

The lower court held that the creation of an eight-year term was in contravention of Const 1963, art 6, § 12:

"Circuit judges shall be nominated and elected at nonpartisan elections in the circuit in which they reside, and shall hold office for a term of six years and until their successors are elected and qualified. In circuits having more than one circuit judge their terms of office shall be arranged by law to provide that not all terms will expire at the same time."

Guides for the construction of constitutional language were set forth in *Kearney v Board of State Auditors,* 189 Mich 666, 671; 155 NW 510 (1915):

"It is a maxim that the object of construction, as applied to a written Constitution, is to ultimately ascertain and give effect to the intent of the people in adopting it. * * * Resort may therefore be had not only to the indicated object sought to be accomplished and the mischief to be guarded against, which has been too often and abundantly reviewed by courts of last resort to need discussion here, but it is also permissible to examine the proceedings of the convention which framed the Constitution."

The Constitution of 1908 provided for the election of judges in 1911 and every six years thereafter. Const 1908, art 7, § 9. The shortcomings of such a system in multi-judge circuits include lengthy and confusing ballots and inefficient administration of justice, since all judges seeking reelection are campaigning at the same time. There is also the possibility of a large turnover at one time which would create further administrative difficulties.

The drafters of the 1963 Constitution decided that by staggering the terms of judges in multi-judge circuits these problems could be ameliorated. Hence, § 12 of art 6 was adopted.

In addition, the delegates desired that this system be implemented as soon as possible. They were also aware that one method by which the staggered system could be implemented would be to have some two- and four-year terms to be followed by a normal six-year term. This was deemed less desirable than the alternative of having some eight- and ten-year terms. For these

reasons, § 8[1] of the schedule and temporary provisions was adopted to instruct the Legislature in the method to be used to convert to the new system. That section provided:

"The provisions of Article VI providing that terms of judicial offices shall not all expire at the same time, shall be implemented by law providing that at the next election for such offices judges shall be elected for terms of varying length, none of which shall be shorter than the regular term provided for the office." 2 Official Record, Constitutional Convention 1961, *Schedule and Temporary Provisions*, § 8, p 3408.

Plaintiff contends that due solely to the above provision the Legislature was empowered to lengthen a circuit judge's term beyond six years and that since that provision applied only to the "next election" the Legislature is now without authority to create an eight-year term of office. While we agree that § 8 was only a temporary provision and does not authorize the enactment of 1978 PA 164, § 5, we do not agree with plaintiff's contention that this provision alone gave the Legislature the authority to create some eight- and ten-year terms.

As noted above, § 8[2] was inserted because the delegates were concerned that, absent this provision, the Legislature might create some two- and four-year terms followed by normal six-year terms to achieve a staggered-term system. As chairman of the committee on the judicial branch, Delegate Danhof explained:

---

[1] Originally Committee Proposal 96, § j.

[2] This provision was examined in *Thorburn v Oakland County Clerk,* 377 Mich 293; 140 NW2d 473 (1966). That case is of little aid to our task since it was rendered by an equally divided court, and concerned the initial change to a staggered system.

"Mr. Danhof: Mr. Yeager, you get down to the question again of whether you want to spell out all of the details or leave some to the legislature. Now, I should point out that in Committee Proposal 96, section j, there is a requirement that the legislature shall implement this particular section by the passage of legislation which would provide that when the judges are next elected, they would have a varying length of term, no term of which could be shorter than 6 years. *This is explicitly put in so you aren't going to have some circuit judge who normally has been thinking of a 6 year term suddenly winding up with a 2 year or a 4 year term.* We will admit that this may mean in some instances an 8 year term or perhaps even a 10 year term." 1 Official Record, Constitutional Convention 1961, p 1361. (Emphasis supplied.)

The foregoing excerpt indicates an understanding by the drafters of the constitution that article 6, § 12 authorized the Legislature to vary the length of a term from the normal six years in order to achieve the desired purpose. The temporary provision was inserted merely to insure that the system devised would not require a circuit judge to face a reelection campaign after only two or four years in office.

The record of the constitutional convention also evidences an intention that one-third of the judges in a particular circuit should be up for election every two years. Where this was not mathematically possible, the Legislature was expected to come as close as possible to that goal.

"Now, the committee on elections has recommended that there be no spring elections and there be basically an election every 2 years, as I recall their recommendation. This would mean you would have a nonpartisan ballot every 2 years. Now, if there is action of this particular convention to change that or that we have more elections or we have an odd year election, we

could perhaps fit this in there. But based upon those recommendations and the provisions that the legislature shall so provide, I would think and I would assume that they would provide that they would have 1/3 elected every 2 years or as close as you can come." 1 Official Record, *supra,* p 1361.

Moreover, the record also discloses that when new judgeships were created the Legislature was expected to fit their terms into the staggered system to achieve the one-third goal:

"MR. DANHOF: Mr. Chairman, Mr. King, in the first place, depending on whether we have an April election or not, they probably will not come up in April. But assuming they come up that fall or the fall prior to April, depending on which one we finally conclude, I would anticipate that they would run and that this provision would be set up. You have 5. I give you this as an example: 2 would be elected for 6 years, 2 for 8 years, and in the next case, maybe 1 for 10 years. *When and if Oakland county gets a second circuit judge, he would fall in where you have the 1 provision."* 1 Official Record, *supra,* p 1541. (Emphasis supplied.)

To conclude that the Legislature may never vary a circuit judge's term and yet still require that they adhere as closely as possible to a system wherein one-third of the circuit judges in a particular circuit are elected every two years would be counter-productive. To achieve this goal it would be necessary to delay the commencement of some of the new judges' terms for two or four years. Such a result would be clearly inconsistent with the expressed desire that, through the creation of new circuits and judgeships, the circuit courts be better able to keep "abreast of changing population and economic conditions and thus serve all sections of the state more efficiently". 2 Official Record, Constitutional Convention 1961, *What the*

*Proposed New State Constitution Means to You,*
art 6, § 11, p 3386.

We conclude that article 6, § 12 of the 1963
Constitution does not require that a circuit judge
invariably hold office for a term of six years. To
the extent necessary to achieve a system wherein,
as nearly as possible, one-third of the judges in a
particular circuit are elected every two years, the
Legislature is authorized to alter the duration of a
circuit judge's term from the normal six years.
Such authority is granted by the second sentence
of art 6, § 12.

Reversed and remanded for proceedings consist-
ent with this opinion. No costs, a public question
being involved.